**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JULIE MICHELLE SCOTT,                                                                              PETITIONER
ADC # 709865

v.                                              5:12CV00443-JLH-JJV

RAY HOBBS, Director
Arkansas Department of Correction                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.  BACKGROUND**

Petitioner Scott is an inmate at the Arkansas Department of Correction (ADC) McPherson Unit. (Doc. No. 8.) On August 31, 2011, after an incident in the gym, Corporal Jones filed a major disciplinary charging Ms. Scott with violations of Rules 4-4 (battery - use of force on staff); 5-7 (assault - attempt or threat upon staff); 2-17 (creating unnecessary noise); and 12-1 (failure to obey order of staff). (Doc No.12.) On September 3, 2011, Ms. Scott was notified of the charges against her (Doc. No. 12-1) and a disciplinary hearing was held on September 9, 2011. (Doc. No. 12.) Ms. Scott appeared at the disciplinary hearing, gave a statement, and pleaded not guilty to battery and assault, and guilty to creating unnecessary noise and failure to obey order of staff. (Doc. No. 12-2.)

The hearing officer found Ms. Scott guilty on all charges and imposed a punishment of 60 days commissary restriction, 60 days phone restriction, 60 days visitation restriction, 30 days punitive isolation, good time class reduction and forfeiture of 987 days of good time credit. (Doc. No. 12-3.) Ms. Scott appealed the decision to the Warden, who affirmed the disciplinary on September 21, 2011. (Doc. No. 12-4). Ms. Scott did not seek further administrative or judicial review of the hearing officer's decision. (Doc. No. 12.)

Ms. Scott filed the instant federal habeas corpus Petition (Doc. No. 1) on December 4, 2012, alleging insufficient evidence to support her conviction of assault and battery and denial of due process during her disciplinary proceedings at McPherson Unit. (Doc. No. 12.)  She seeks expungement of the disciplinary violation and restoration of the forfeited 987 days of good time credit. (Doc. No. 8.)

**II.    ANALYSIS**

Respondent argues that the Petition is procedurally defaulted. (Doc. No. 12 at 7).  The Court agrees.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding).  This requirement is in place to afford the State the opportunity to correct any constitutional errors before the federal courts intervene.  *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation") (citations omitted).

Here, Ms. Scott could have availed herself of the Arkansas Administrative Procedure Act to obtain judicial review of the disciplinary proceeding.  Ms. Scott had thirty days from the agency's final decision to seek judicial review. Ark. Code Ann. § 5-15-212 (b)(1). She did not seek such review and as such, no state court has been afforded an opportunity to consider her matter. Because Ms. Scott failed to do so, her claims are procedurally defaulted.

Where procedural default has occurred, federal habeas review is permitted only if the

petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Neither is applicable here. Petitioner fails to show cause and prejudice, and thus, her Petition should be dismissed as procedurally barred.

The Court further notes that Ms. Scott has failed to exhaust her state court remedies because she did not file a request for declaratory judgment and writ of mandamus raising the issue in her writ of habeas corpus petition. The request for declaratory relief and writ of mandamus is a procedure whereby the petitioner may challenge the execution and computation of his or her sentence. In *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1998), an inmate utilized this procedure to challenge his classification for parole purposes. This procedure has been used by other inmates in similar circumstances. *St. John v. Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985); *Bargo v. Lockhart,* 279 Ark. 180, 650 S.W.2d 227 (1983).

Finally, while Ms. Scott's Petition appears to be time-barred under 28 U.S.C. § 2241 (d)(1), the United States Court of Appeals for the Eighth Circuit has not addressed which section of 28 U.S.C. § 2241(d)(1) should be used to calculate when the limitations period begins to run for a prison disciplinary decision. Therefore, this Court will not recommend dismissal of Ms. Scott's Petition solely on this ground.

### III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district

court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly procedurally defaulted. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED.

2. A certificate of appealability should not be issued.

DATED this 26th day of September 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE